UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **FASIL TAKLETSADIK** | **CIVIL ACTION NO. 3:26-CV-00517** |
| **VERSUS** | **JUDGE JERRY EDWARDS** |
| **BRYAN PATTERSON, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (doc. 7) filed by Fasil Takletsadik ("Petitioner") through counsel. Petitioner, a native and citizen of Ethiopia, is an immigration detainee at the Jackson Parish Correctional Center in Jonesboro, Louisiana, seeking release from detention. According to the petition, Petitioner was granted final immigration relief—withholding of removal under the Immigration and Nationality Act based on his risk of persecution in Ethiopia. Doc. 1, p. 5. During his removal proceedings, U.S. Immigration and Customs Enforcement ("ICE") released Petitioner on an Order of Release on Recognizance, Form I-220A, in 2009. *Id.* He was re-detained by ICE on or around June 25, 2025.

Petitioner seeks an order from this Court declaring his continued detention unlawful and ordering Respondents to release him forthwith from their custody. Petitioner asks the court to order the Government to respond to the petition within 21 days pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *see also Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 7) is **GRANTED**.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within 60 days after service of the Petition on the United States Attorney for the Western District of Louisiana or 21 days after the date of this Order, whichever date shall first occur. Petitioner shall have <u>seven days</u> to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist,

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED** in chambers this 13th day of March, 2026.

_____
THOMAS P. LEBLANC
**UNITED STATES MAGISTRATE JUDGE**